UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HONORATO GONZALEZ-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CASE NO. C16-0945JLR <br><br> ORDER |

Before the court is Petitioner Honorato Gonzalez-Gonzalez's petition to modify his sentence pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (Pet. (Dkt. # 1).) On June 28, 2007, Mr. Gonzalez-Gonzalez pleaded guilty to the charge of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). *United States v. Gonzalez-Gonzalez*, No. CR07-0161JLR (W.D. Wash.), Dkt. # 17 (Plea Agreement). Mr. Gonzalez-Gonzalez agreed to a base offense level of 24 based in part on "two [prior] felony convictions of either a crime of violence or a controlled substances

ORDER- 1

offense." *Id.* ¶ 9(a). Both prior offenses were controlled substances offenses. *See id.*, Presentence Report ¶ 16 (characterizing the offenses as "drug distribution").[1]

*Johnson* does not afford Mr. Gonzalez-Gonzalez an opportunity for relief. The court enhanced his sentence based on multiple prior controlled substances offenses. *See id.* The definition of a controlled substance offense in the United States Sentencing Guidelines does not contain a residual clause like the one at issue in *Johnson*. *See* U.S.S.G. § 4B1.2 ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."); *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016) (stating that *Johnson* does not impact whether a prior drug conviction "counts" under the ACCA or the Sentencing Guidelines). Mr. Gonzalez-Gonzalez's sentence thus does not implicate *Johnson*'s holding that the residual clause in the Sentencing Guidelines' crime of violence definition is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2556-57. In addition, Mr. Gonzalez-Gonzalez failed to respond to the Government's answer. (*See* Dkt.; Sched. Order (Dkt. # 4) at 2 (setting deadline for Mr. Gonzalez-Gonzalez's

---

[1] The presentence report from Case No. CR07-0161JLR is not in the record, so the court takes judicial notice of the report and attaches a copy to this order. *See No Cost Conference, Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1295 (S.D. Cal. 2013) ("Judicial notice is particularly appropriate for the court's own records in prior litigation related to the case before it.").

response brief).)  For those reasons, the court DENIES Mr. Gonzalez-Gonzalez's petition (Dkt. # 1).[2]

Mr. Gonzalez-Gonzalez has not "made a substantial showing of the denial of a constitutional right," and accordingly the court denies him a certificate of appealability. 28 U.S.C. § 2253(c)(2).

Dated this 8th day of November, 2016.

JAMES L. ROBART
United States District Judge

---

[2] Because Mr. Gonzalez-Gonzalez's petition lacks substantive merit, the court declines to consider the Government's argument that the motion was also procedurally barred.  (Ans. (Dkt. # 8) at 6.)

ORDER- 3